No. 47677.—Protest 50963–K of B. R. Anderson & Co. (Seattle).

Tilson, Judge: This case was originally decided on June 5, 1942, reported in Abstract 47272, and is now before us by reason of a motion for rehearing having been granted, having been resubmitted upon the original record, with additional briefs filed by counsel for both parties. Duty was levied upon the merchandise at the rate of 90 percent under paragraph 1529 (a) of the act of 1930, as articles in part of elastic braid. The plaintiff claims the same to be properly dutiable at only 50, 55, or 75 percent ad valorem under paragraph 1529 (a) or (c) and the French Trade Agreement, T. D. 48316.

Paragraph 1529 (a) as rewritten in said trade agreement reads as follows:

Corsets, girdle-corsets, step-in-corsets, *brassieres*, bandeaux-brassieres; corsets, girdle-corsets, or step-in-corsets, attached to brassieres or bandeaux-brassieres; all similar body-supporting garments; *all wearing apparel or articles to which any of the foregoing is attached; all of the foregoing*, finished or unfinished, *provided for in paragraph 1529 (a)*. [Italic ours.]

The above-quoted provision of the said trade agreement provides for a duty of 75 percent ad valorem. While counsel for the plaintiff does not abandon any of his claims, it is apparent that he relies principally, if not exclusively, upon the claim for 75 percent ad valorem duty under paragraph 1529 (a) as amended by the French Trade Agreement. We fail to see any merit in any of the other claims made.

The merchandise consists of swim suits, and at the trial of the case two samples thereof were admitted in evidence, and thereafter two witnesses were called and testified, a young lady for the plaintiff and a man for the defendant. The plaintiff's witness testified that there was attached to each of the suits a brassiere and the defendant's witness testified that there was no brassiere attached to either of the samples.

Webster's New International Dictionary defines "brassiere" as follows:

A form of woman's underwaist, worn to support the breasts.

In view of the greater opportunity of the young lady of knowing whether or not these attachments to the swim suits would in fact support the breasts, and after an examination of the samples, we hold that the imported merchandise consists of swim suits to which are attached brassieres, which brassieres are in turn composed in part of elastic fabrics.

In the case of *Stein* v. *United States*, 28 C. C. P. A. 280, the appellate court held an elastic fabric to be a braid. In the instant case the merchandise was classified by the collector as being in part of elastic braid, and there is nothing in the record to overcome the presumption of correctness attaching to such classification by the collector.

We, therefore, hold the instant merchandise to be wearing apparel or articles to which are attached brassieres, which brassieres are composed in part of elastic fabric braid. Paragraph 1529 (a) provides in part as follows:

* * * braids * * * and fabrics and articles wholly or in part thereof, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act * * *.

In view of the fact that the instant merchandise consists of fabrics or articles, wholly or in part of braid, it is at once apparent that the merchandise is provided for in paragraph 1529 (a). The instant merchandise also has attached thereto "brassieres" and is therefore squarely within the provision of the French Trade Agreement for "all wearing apparel or articles to which any of the foregoing is

attached; all of the foregoing, finished or unfinished, provided for in paragraph 1529 (a)."

Referring to the language of the French Trade Agreement here involved, counsel for the plaintiff, in his brief filed herein, makes the following statement:

The above language definitely provides for wearing apparel to which brassieres are attached, when the article is provided for in paragraph 1529–a. One type of merchandise so provided for is "articles in whole or in part of braids." Consequently the instant merchandise is specifically covered by this language, and there is no need to resort to any publications by the state department, such as are referred to in defendant's brief filed in opposition to the petition for rehearing.

For the reasons stated we hold the swim suits covered by this suit which were assessed with duty at 90 percent under paragraph 1529 (a) of the act of 1930 to be properly dutiable at only 75 percent ad valorem under said paragraph 1529 (a) and the French Trade Agreement, as reported in T. D. 48316, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.